## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LISA ZALASKI,                       :
ANIMAL RIGHTS FRONT, INC., and   :
DEREK V. OATIS               :
      Plaintiffs,             :
                              :
v.                              :       CIVIL ACTION NO.
                              :       3:08-cv-00601 (VLB)
CITY OF HARTFORD, AND        :
SERGEANT ALBERT           :
      Defendants           :       November 10, 2008

## <u>MEMORANDUM OF DECISION DENYING DEFENDANTS' MOTION TO DISMISS [Doc. #18]</u>

The City of Hartford ("Hartford") and Sergeant Albert ("Defendants") move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss this action filed by Lisa Zalaski, the Animal Rights Front, Inc., and Derek V. Oatis (collectively, "Plaintiffs"). The Court has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1367. Plaintiffs claim violations of their First Amendment rights pursuant to 42 U.S.C. § 1983, false imprisonment, malicious prosecution, violations of the Connecticut State Constitution, the intentional infliction of emotional distress, and the reckless infliction of emotional distress. For the reasons hereinafter set forth, the motion to dismiss is DENIED.

### I. Facts

The following facts alleged in the complaint are taken as true for purposes of this motion only. See Sec. II, below. On April 23, 2006, the Plaintiffs and other individuals engaged in a demonstration at the River Front Plaza in Hartford, Connecticut. This demonstration was held for the purpose of "expressing opposition to the use and confinement of non-human animals, including elephants" by the Ringling Brothers and Barnum and Bailey Circus. This demonstration occurred on publicly owned property. Demonstrators did not interfere with the movement of patrons or members of the general public, make verbal or physical threats, engage in any violent or threatening conduct, or

use obscenities.

Zalaski and Oatis were approached by Sergeant Albert, a police officer with the City of Hartford, who informed them that they could remain and demonstrate at that location. Twenty minutes later, Albert again approached Zalaski and Oatis and told them that they could no longer demonstrate in that location and that they must move or they would be arrested. Zalaski and Oatis did not move and were arrested, handcuffed, placed in a police car, and transported to the Hartford police station where they were held for a period of three hours. Both were charged with obstructing free passage in violation of Connecticut General Statutes § 53a-182a; these charges were dismissed on or about May 2, 2006.

## II. Standard

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . . [The court] therefore must construe the complaint liberally . . . ." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Id. "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

## III. Discussion

Defendants argue that because there is sufficient basis to find that probable cause existed to arrest Zalaski and Oatis, the claims for false imprisonment, malicious prosecution, and the intentional infliction of emotional distress should be dismissed. Using a similar line of reasoning, the Defendants argue that Albert's actions were "reasonable" and therefore the claim of reckless infliction of emotional distress should be dismissed. Finally, the Defendants argue that Albert is entitled to the defense of qualified immunity. All of these arguments must fail because of the procedural posture of the motion.

In <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 416 (2nd Cir. 1999), the Second Circuit held that in considering a motion brought under Rule (12)(b)(6) a district court erred in dismissing claims of false arrest and malicious prosecution on the grounds of qualified immunity and the lack of probable cause. Specifically, the Court stated that: "[q]ualified immunity under <u>Golino</u> and probable cause under <u>Weyant</u> both involve judgements about reasonableness" and that "it was improper for the district court to conclude, [for the purposes of a Rule (12)(b)(6) motion], that it was reasonable for the officers to believe probable cause existed." <u>Id.</u>

Dismissal is not supported by the alleged facts which the court must treat as true for the purposes of a motion to dismiss. In order to grant this motion, the Court would have to disregard the facts alleged by the plaintiffs and adopt instead the facts asserted by the Defendants. The allegations in the complaint imply that Albert's conduct was unwarranted and therefore unreasonable. Specifically, the complaint asserts that the Plaintiffs were standing in the location where they had been given permission to stand and were not engaged in any disruptive behavior which would warrant their arrest. They

therefore assert facts which do not form a basis of a finding of probable cause or "reasonable[ness]." Moreover, the Court cannot grant the motion as the arguments advanced by the Defendants to support their motion rely almost exclusively on facts outside the four corners of the complaint. For example, the Defendants cite to a police dispatch log which was not even indirectly referred to in the complaint or accompanying materials. [Doc. #20].

The Federal Rules of Civil Procedure do allow the Court to consider information outside of the pleadings. They state that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). The Court declines to include the extra material filed in support of the motion to dismiss as their inclusion alone would not dispose of the matter because of its form and content. The Defendants' characterization and the Plaintiffs' characterization of what the protesters were doing conflict. Thus, the proffer only raises an issue of fact which must be resolved in the Plaintiffs' favor.

Lastly, the Defendants argue that the Plaintiffs' claim against Hartford filed pursuant to 42 U.S.C. § 1983 must fail under the doctrine of municipal immunity because the "plaintiffs have failed to prove an illegal pattern required to show municipal liability." However, the complaint clearly alleges that Albert's actions were "taken pursuant to [an] official policy of the Defendant City of Hartford" and, as stated above, facts alleged in the complaint are assumed to be true. Consequently, the mere allegation is sufficient to survive a motion to dismiss.

The Defendants may reassert their arguments after the conclusion of discovery.

## IV. Conclusion

The Defendants' motion to dismiss is DENIED.  They shall file their answer by December 3, 2008.

**IT IS SO ORDERED.**

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut:  November 10, 2008.**