**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LISA ZALASKI, | : |
| ANIMAL RIGHTS FRONT, INC., AND | : |
| DEREK OATIS | : |
|     PLAINTIFFS, | : |
| | : CIVIL ACTION NO. 3:08cv601(VLB) |
| | : |
| v. | : NOVEMBER 18, 2011 |
| | : |
| CITY OF HARTFORD AND | : |
| SERGEANT ALBERT | : |
|     DEFENDANTS. | : |

## Order on Motions in Limine [Dkt. #s 131 and 132]

### A. Defendants' [Dkt. # 131] Motion in Limine

The Court denies Defendants' motion in limine to preclude the testimony of Attorneys Mark Dumas, Edward Schenkel or other counsel of the Crumbie Law Group or the City of Hartford as the Court's previous orders on Plaintiffs' motions for sanctions were not evidentiary rulings. *See* [Dkt. #s 59 and 60]. However, Plaintiffs have failed to establish what material fact at issue such testimony would tend to prove or disprove and therefore has not established the relevance of such testimony. Accordingly, such testimony may not be offered.

### B. Plaintiffs' [Dkt. # 131] Motion in Limine

Plaintiffs' objection to permitting the testimony of Defendant Sergeant Albert is overruled as Fed. R. Civ. P. 37 instructs that the least restrictive sanction suitable to ameliorating the adverse effect of the failure comply should be granted and precluding Albert's testimony would be a particularly severe and

prejudicial sanction particularly in light of Plaintiffs' foregone opportunity to ameliorate any prejudice it may have suffered.

Plaintiffs' objection to the police dispatch report on the basis of hearsay is sustained in part.  The police reports themselves are admissible as a business record under Fed. R. Evid. 803(6) or a public record under Fed. R. Evid. 803(8). *Tokio Marine Management, Inc., v. M/V Zim Tokyo*, Nos.91CIV.0063, 1993 WL 322869, at *9 (S.D.N.Y. Aug. 17 1993) (citing *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).   The entries in the police reports "which result from the officer's own observations and knowledge may be admitted but [] statements made by third persons under no business duty to report may not."  *Id.*  (internal quotation marks and citation omitted).  Statements by third persons recorded within the police report should be considered hearsay within hearsay and therefore must also be subject to an independent hearsay exception to be admissible under Fed. R. Evid. 805.  Therefore Defendants will be permitted to offer the police report redacted to exclude any hearsay included within the report. Accordingly, any potential testimony by Defendant Albert and Officer Hart regarding the police report may not include any hearsay.

Plaintiffs' objection to the testimony of Joseph Marfuggi and Lieutenant Bergenholtz is overruled.  Although Defendants concede that these individuals were not formally disclosed pursuant to Fed. R. Civ. P. 26, Defendants have indicated that Plaintiffs have had ample notice that these individuals had relevant information.   While Plaintiffs were not notified of the existence of these individuals during the discovery period, Plaintiffs would have had good cause

under Fed. R. Civ. P. 16(b) to request the Court to permit Plaintiffs to conduct discovery with respect to these individuals before trial.    Since the discovery rules afforded Plaintiffs a remedy that Plaintiffs did not pursue, Plaintiffs cannot now argue prejudice as a basis for precluding the testimony of these witnesses when they could have but elected not to obtain discovery.

Plaintiffs' objection to the contract between Riverfront Recapture and Feld Entertainment is sustained in part.  Defendants may offer the contract subject to Defendants showing the relevance of and authenticating the contract.

The Court notes that Defendants in the Joint Trial Memorandum have objected to Plaintiffs' exhibits 8, 15, 17, and 18.   Those objections are overruled as Defendants failed to comply with the Court's order to submit motions in limine in connection with each parties' objections raised in the Joint Trial Memorandum. *See* [Dkt. #124].

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: November 18, 2011