UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA ZALASKI, : | |
| ANIMAL RIGHTS FRONT, INC., AND : | |
| DEREK OATIS : | |
|     PLAINTIFFS, : | |
| : | CIVIL ACTION NO. 3:08cv601(VLB) |
| : | |
| v. : | NOVEMBER 23, 2011 |
| : | |
| CITY OF HARTFORD AND : | |
| SERGEANT ALBERT : | |
|     DEFENDANTS. : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #s 146]

The Court notes that the subject of Plaintiff's motion for reconsideration arose in the context of the Joint Trial Memorandum which affords the parties the opportunity to request to offer evidence as well as oppose such proffered evidence after discussion amongst the parties. To the extent, that the Court failed to consider any relevant fact and or law, the Local Rules afford the parties an opportunity to file a motion for reconsideration which Plaintiff has done.

In the Second Circuit and pursuant to Local Rule 7(c), a motion for reconsideration shall be accompanied by a memorandum setting forth *concisely* the matters or controlling decision which counsel believes the Court overlooked in the initial decision or order. In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter

the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiffs have failed to identify any fact or law which the Court failed to consider. In particular, Plaintiffs have not addressed why they failed to pursue discovery remedies that were available to them after first learning that Defendant Albert and Wiebusch relied on counsel for the preparation of interrogatory responses and therefore have not persuaded the Court that preclusion of Defendant Albert's would not be unduly extreme and prejudicial. In addition, Plaintiffs have failed to identify how testimony regarding the preparation of interrogatory responses by Defendants' counsel has the tendency to prove or disprove a material fact of any element of any claim at issue.

With respect to the testimony of Chief McCoy, all parties who have knowledge regarding the disclosure or non-disclosure of McCoy as a potential witness shall be present at the pretrial conference and be prepared to testify under oath.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: November 23, 2011