UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA ZALASKI, : | |
| ANIMAL RIGHTS FRONT, INC., AND : | |
| DEREK OATIS : | |
|     PLAINTIFFS, : | |
| : | CIVIL ACTION NO. 3:08cv601(VLB) |
| : | |
| v. : | DECEMBER 8, 2011 |
| : | |
| CITY OF HARTFORD AND : | |
| SERGEANT ALBERT : | |
|     DEFENDANTS. : | |

## MEMORANDUM OF DECISION DENYING PLAINTIFFS' MOTION TO AMEND/ CORRECT THE COMLAINT [DKT. ## 154 AND 156] AND GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. ## 157]

The Plaintiffs, Lisa Zalaski, Derek V. Oatis and Animal Rights Front, Inc., initiated this action against the City of Hartford (the "City") and Sergeant Daniel Albert ("Albert") in connection with Zalaski and Oatis's arrest by members of the City of Hartford Police Department and Defendant Albert during an April 23, 2006 animal rights protest at the Hartford Marathon Foundation, Inc.'s Red Nose Run Event.

Plaintiffs have moved to amend/correct the complaint to delete an allegation that "Defendant Albert had final decision-making authority" and include an allegation that the Plaintiffs' were injured as a result of a "failure to train" by the City of Hartford. Defendants argue in their memorandum in opposition to the Plaintiffs' motion to amend that Plaintiffs should not be permitted to amend the complaint at this late date as it would be prejudicial to them and in the alternative moved to dismiss the proposed amended complaint

1

under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible *Monell* claim for municipal liability. For the foregoing reasons, Plaintiffs' motion to amend/correct the complaint is denied and Defendants' motion to dismiss is granted.

**Background**

Plaintiffs filed their original complaint on April 21, 2008. *See* [Dkt. # 1]. In the original complaint, Plaintiffs alleged in their second cause of action that Defendant City of Hartford was liable for the violation of Plaintiff's First Amendment Rights in the following ways: "Defendant Albert, in taking the actions described herein, had final decision-making authority to act on behalf of the Defendant City of Hartford" and that "these actions were taken pursuant to official policy of the Defendant City of Hartford." *See* [Dkt. # 1 at ¶ 25].

On August 3, 2009, Plaintiffs moved for sanctions pursuant to Fed. R. Civ. P. 26(g)(3) for Defendant Albert's improper certification of his interrogatory responses. On September 9, 2008, the Plaintiffs deposed Defendant Albert. On February 10, 2009, Plaintiffs sent Interrogatories and Requests for Production to Defendant Albert. Defendant Albert served his objections and responses on June 4, 2009. Plaintiffs then deposed Albert a second time on July 8, 2009 in which Albert testified that he had not read the actual responses before signing and that he had not reviewed the material referenced in his answers. See [Dkt. #46]. On March 19, 2010, the Court granted the Plaintiff's motion for sanctions and ordered that "Defendant Sergeant Albert's Interrogatory responses shall be stricken from the record for all purposes due to his failure to review his responses." [Dkt. #60].

2

Consequently, the Defendant Albert failed to comply with Plaintiffs' discovery request.

The Court denied in part and granted in part Defendants' motion for summary judgment. See [Dkt. #61]. The Defendants then appealed the Court's denial of summary judgment on the basis of qualified immunity. On May 26, 2011, the Second Circuit dismissed the appeal for lack of appellate jurisdiction. The Court then entered a scheduling order directing the parties to prepare for trial in December of 2011.

On November 16, 2011 in preparation for trial, the Court ordered the Plaintiffs to provide the Court with a brief statement articulating with specificity the basis of its claim that Defendants' actions were taken pursuant to a municipal policy or custom and what facts Plaintiffs intend to prove to support its claim. See [Dkt. #137]. In response, Plaintiffs stated that they did not intend to pursue the claim that Defendant Albert had final decision-making authority at trial and indicated that they intended to demonstrate a municipal policy or custom through a failure to train. See [Dkt. # 145]. Defendants responded that since the complaint contained no allegations whatsoever regarding training, the complaint failed to allege a plausible *Monell* claim. Defendants argued that such claim should not be allowed to proceed to trial.

On November 29, 2011, the Court held a pretrial conference. At the conference, Plaintiffs argued that the original complaint had adequately pled a *Monell* claim on the basis of the allegation that "these actions were taken

pursuant to official policy of the Defendant City of Hartford." [Dkt. #1 at ¶25]. Defendants argued that Plaintiffs' allegations failed to put them on notice that Plaintiffs' *Monell* claim was predicated on a failure to train.

At the pretrial conference and in a separate motion in limine, Plaintiffs argued that Defendant Albert's testimony should be precluded on the basis of his failure to provide Plaintiffs with discovery responses in light of the Court's prior order striking his interrogatory responses. The Court ordered that Defendant Albert would not be precluded from testifying at trial and that Plaintiffs were entitled to discovery responses. The Court ordered Defendant Albert to submit interrogatory responses to Plaintiffs and make himself available for an additional deposition prior to the start of trial.

On December 1, 2011, four days before the start of trial, Plaintiffs moved to amend/correct the complaint. Plaintiffs' proposed amended complaint deleted the prior allegation that Defendant Albert had final-policy making authority and instead asserted a single new allegation that "these action [sic] were taken as a failure to train by the Defendant City of Hartfrod [sic]." See [Dkt. #154, Attach 2, Pl. proposed amended complaint at ¶ 25]. Defendants assert that that they will be prejudiced by the proposed amendment and argue that the proposed amended complaint does not sufficiently allege facts to state a cause of action under *Monell*. The Court construes Defendants' opposition to Plaintiffs' motion to amend as a motion to dismiss.

In response to Plaintiffs' motion to amend/correct the complaint, the Court ordered the Plaintiffs to file a supplemental memorandum of law in support of their motion to amend/correct the complaint to "state all discovery requests seeking facts and material relating to training included in Plaintiffs' original discovery requests." *See* [Dkt. #155]. In response, Plaintiffs submitted a copy of the Interrogatories and Requests for Production they served on February 10, 2009. [Dkt. #156, Attach 1]. Interrogatory Number 9 included an excerpt of Defendant Albert's prior deposition testimony in which he testified that "we're trained that when a victim comes to us…that they are to [be] believed." [*Id.*]. Interrogatory Number 9 then requested the Defendant to "[i]dentify the individuals, provided said training, the dates said training was provided, and the individuals present when said training was provided." [*Id.*]. Interrogatory Number 16 asked the Defendant to "describe the training provided to police officers of the City of Hartford and the policy of the City of Hartford regarding the rights of individuals engaged in expressive activity on River Front Plaza." [*Id.*].

### Motion to Amend

*i.   Standard*

Rule 15 of the Federal rules of Civil Procedure provides that leave to amend the pleadings should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The Second

Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of American N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy*, 626 F.3d at 725-25 (internal quotation marks and citation omitted). Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial. *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend as "especially prejudicial given the fact that discovery had been completed and [the defendant] had already filed a motion for summary judgment"); *see also Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (same where "case was near resolution and discovery had been completed").

### ii.     Analysis

Defendants argue that permitting amendment on the eve of trial will cause them to suffer prejudice. They argue that they "will not have the opportunity to do discovery as to the factual predicate for their *Monell* claims [and that] the Defendants will need discovery on what custom and policy of the City of Hartford

they claim to have caused them harm and what facts the plaintiffs are relying upon to establish the existence of such a custom or policy." [Dkt. #157, Def. Mem. at 2]. Plaintiffs argue that "[w]hile the Plaintiff's did not specifically plead the aspect of *Monell*, to include a custom and failure to train, the Defendants made absolutely clear through their pleadings that their conversations with Plaintiffs' counsel and their previous submissions had established that the City's alleged failure to train would be an issue at trial." [Dkt. #154, Pl. Mem. at 4]. Plaintiffs further argue that as a result of Defendant Albert's failure to provide interrogatory responses after the Court's Order striking his responses, the facts relevant to Plaintiffs' proposed amendment were only provided in the days before trial after the Court ordered Defendant Albert to submit interrogatory responses and submit to an additional deposition at the pretrial conference. [*Id.*].

The Court is not persuaded by Plaintiffs' argument that they were unable to seek leave to amend at an earlier date as a result of Defendant Albert's failure to provide discovery responses. The Court struck Defendant Albert's interrogatory responses on March 19, 2010. Although the discovery deadline had passed, Plaintiffs would have had good cause under Fed. R. Civ. P. 16(b)(4) to seek to reopen discovery after the Court's order on March 19, 2010. Therefore, Plaintiffs had ample opportunity to seek discovery that would have enabled them to seek leave to amend at an earlier time.

The Court is also not persuaded by Defendants' argument that they will suffer prejudice because they did not have notice that Plaintiffs' *Monell* claim involved a failure to train. Plaintiffs' Interrogatories served on February 10, 2009

7

specifically included requests for information pertaining to training and therefore Defendants had notice that Plaintiffs were seeking information relevant to training in connection with their *Monell* claim. Accordingly, the Court will consider Defendants' arguments on their motion to dismiss regarding whether Plaintiffs' proposed amendment alleges sufficient facts to state a plausible claim for failure to train.

### Motion to Dismiss

*i. Standard*

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the

complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

    ii.    *Analysis*

"In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A municipality may be "held liable if a plaintiff proves the municipality violated a federally protected right through (1) municipal policy, (2) municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority." *Zherka v. DiFiore*, 412 Fed.Appx. 345, 348 (2d Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658. 695 (1978)).

A plaintiff may "establish municipal liability by showing that a municipal policy or custom existed as a result of the municipality's deliberate indifference

9

to the violation of constitutional rights, either by inadequate training or supervision." *Russo v. City of Hartford*, 341 F. Supp. 2d 85, 107 (D. Conn. 2004). "A municipal policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Cash v. County of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) (internal quotation marks and citations omitted).

"Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied." *City of Canton v. Harris*, 489 U.S. 378, 396 (1989). "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford*, 361 F. 3d 113, 126 (2d Cir. 2004) (internal quotation marks omitted).

"As the Supreme Court has cautioned, 'deliberate indifference' is 'a stringent standard of fault' and … necessarily depends on a careful assessment of the facts at issue in a particular case" *Cash*, 654 F.3d at 334 (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011)). The Second Circuit has instructed that the "operative inquiry is whether those facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'" *Id.*

(citations omitted). Deliberate indifference then "may be inferred where 'the need for more or better supervision to protect against constitutional violations was obvious,' but the policy maker 'fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs.'" *Id.* (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) and *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007)). In addition, "a plaintiff must prove that "'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash*, 654 F.3d at 333 (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)).

A claim for failure to train "will trigger municipal liability only where the failure to train amounts to the deliberate indifference to the rights of those with whom the state officials will come into contact." *Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998) (internal quotation marks and citation omitted). The Second Circuit has outlined "three showings required to support a claim that a municipality's failure to train amounted to 'deliberate indifference' to the rights of citizens." *Id.* at 903-904. Therefore to establish a claim of inadequate training, Plaintiffs mush show that (1) "a policymaker of the municipality knows to a moral certainty that its employees will confront a given situation"; (2) that the "situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) that "the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights." *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992) (citations omitted). Therefore a municipality "cannot be liable if the need for such training was not

obvious." *Russo v. City of Hartford*, 341 F. Supp. 2d at 109 (citing *Vann*, 72 F.3d at 1049). "An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents." *Vann*, 72 F.3d at 1049. In addition, "a pattern of misconduct, while perhaps suggestive of inadequate training, is not enough to create a triable issue of fact on a failure-to-train theory. The plaintiff must offer evidence to support the conclusion that the training program was inadequate, not [t]hat a particular officer may be unsatisfactorily trained or that an otherwise sound program has occasionally been negligently administered, and that a hypothetically well-trained officer would have avoided the constitutional violation." *Okin v. Village of Cornwall-On-Hudson Police Dept.*, 577 F.3d 415, 440-41 (2d Cir. 2009) (internal quotation marks and citations omitted).

Here, Plaintiffs have added a single conclusory allegation regarding the Defendant City of Hartford's purported failure to train. Plaintiffs alleged that Defendants arrested Plaintiffs without probable cause and in violation of plaintiffs' First Amendment rights to free speech when Defendant Albert arrested Plaintiffs after they declined to move from the area in which they were demonstrating to another area in Riverfront Plaza. *See* [Dkt. #154, Attach 2, Pl. Proposed Amended Complaint at ¶¶ 1-10]. In their proposed amended complaint, the Plaintiffs allege only that "these action [sic] were taken as a failure to train by the Defendant City of Hartfrod [sic]." *See* [Dkt. #154, Attach 2, Pl. proposed amended complaint at ¶ 25]. This allegation is exactly the type of

"naked assertion" "devoid of further factual enhancement" which does not pass muster under *Iqbal*. 129 S. Ct. at 1949.

Plaintiffs have not alleged any facts which plausibly give rise to an entitlement to relief. Plaintiffs have alleged no facts which support an inference that the Defendant City of Hartford exhibited deliberate indifference to the rights of citizens through a failure to train. Plaintiffs have also not pled facts which demonstrate that the need for training was obvious such as there were proof of repeated complaints of similar civil rights violations followed by no meaningful attempt on the part of the City to investigate or to forestall such incidents as required to state a claim for failure to train under Second Circuit law. See *Russo v. City of Hartford*, 341 F. Supp. 2d at 109; *Vann*, 72 F.3d at 1049. Further, Plaintiffs have not alleged any facts supporting an inference that a deficiency in training caused the constitutional injury.

None of the other allegations in the proposed complaint address the City's purported failure to train. The sole allegation in the proposed complaint regarding the City's purported failure to train is Plaintiffs' conclusory allegation that "there was a failure to train." Such a conclusory allegation without further factual enhancement is not entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1949-50. Plaintiffs have failed to allege facts which plausibly give rise to an entitlement to relief under *Monell*. The Court therefore grants Defendants' motion to dismiss and accordingly denies Plaintiffs' motion to amend/correct the complaint. Defendant City of Hartford is hereby dismissed as a Defendant in this action since the Court has dismissed Plaintiffs' claim for municipal liability.

**Conclusion**

Based upon the above reasoning, the Defendants' motion to dismiss is GRANTED and Plaintiffs' [Dkt. #154] motion to amend/correct the complaint is DENIED. The Clerk is directed to terminate Defendant City of Hartford as a Defendant in the action.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: December 8, 2011