UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA ZALASKI, ANIMAL RIGHTS FRONT, INC., DEREK V. OATES, | : : | |
| Plaintiffs, | : : | CIVIL ACTION NO.: |
| v. | : : | 3:08-cv-601-VLB |
| CITY OF HARTFORD, SERGEANT DANIEL ALBERT, | : : | November 17, 2015 |
| Defendants. | : | |

### MEMORANDUM OF DECISION AWARDING PLAINTIFFS $475.73 IN COSTS

Lisa Zalaski, Derek V. Oatis, and Animal Rights Front, Inc., (collectively, "Plaintiffs") brought a 42 U.S.C. § 1983 action and supplemental state law claims against the City of Hartford and Sergeant Daniel Albert (collectively, "Defendants"). In the course of discovery, Defendant Albert admitted that he had not read his interrogatory responses before signing them. As a result of Defendants' certification violation, this Court granted Plaintiffs' motion to strike Defendant Albert's interrogatory responses but declined to award costs and attorney's fees, ruling that attorney's fees were inappropriate in light of Plaintiffs' pro se status. This Court entered judgment for Defendants following a bench trial, and Plaintiffs appealed. On appeal, the Second Circuit affirmed in part and vacated and remanded for clarification as to whether this Court awarded costs as a result of Defendants' certification violation. For the following reasons, the Court clarifies that awarding costs to pro se parties may be appropriate when an opposing party commits a certification violation and awards Plaintiffs costs in the amount of $475.73.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought federal civil rights and supplemental state law claims against Defendants in connection with Defendant Albert's allegedly unlawful arrest of Zalaski and Oatis during an animal rights protest. ECF No. 1 (Compl.). During discovery, Plaintiffs deposed Defendant Albert but later received inconsistent interrogatory responses. ECF No. 47 (Mem.) at 4. As a result of these inconsistencies, Plaintiffs deposed Defendant Albert for a second time, which cost Plaintiffs $475.73. *Id.* at 4–5; *see also* ECF No. 47-4 (Ex. D). During the second deposition, Defendant Albert admitted that he had not read the interrogatory responses. ECF No. 47-3 (Ex. C). Further, Plaintiffs assert that they deposed Officers Hart, Rodrique, and Kergaravat "[b]ased in part" on Defendant Albert's interrogatory responses. ECF No. 47 (Mem.) at 9. Plaintiffs calculate that these additional depositions and related expenses resulted in $1,384.76 in costs, but their spreadsheet lists costs totaling only $1,236.76. ECF No. 47-4 (Ex. D).

Plaintiffs moved for sanctions in the form of costs and attorney's fees as well as striking the offending interrogatory responses. ECF No. 46 (Mot.). This Court ruled that Defendants committed a certification violation, struck the improper interrogatory responses, and declined to award costs and attorney's fees to Plaintiffs, observing that pro se parties are not entitled to attorney's fees. ECF No. 60 (Text Entry). Following a bench trial, this Court entered judgment for Defendants. ECF No. 165 (J.). On appeal, the Second Circuit affirmed in part and vacated and remanded for clarification as to whether this Court awarded costs incurred as a result of Defendants' certification violation. *Zalaski v. City of*

*Hartford*, 723 F.3d 382, 395–96 (2d Cir. 2013). The Second Circuit's opinion noted that this Court's order did not clearly articulate whether costs were denied because of Plaintiffs' pro se status. The Second Circuit further observed that the issue of costs presented an issue different from attorney's fees, but it declined to issue whether costs could be awarded to pro se parties. *Id.* The Court now considers whether costs may be awarded to pro se parties and if so, whether costs are appropriate in this instance.

## Discussion

This Court has already ruled that Defendant Albert's certification violation warranted the imposition of sanctions. ECF No. 60. On appeal, the Second Circuit affirmed this Court's ruling that Defendant Albert committed a certification violation and remanded only for the purpose of assessing whether costs should also be awarded in light of the fact that this Court did not specifically deny Plaintiffs' requests for costs by reference to their pro se status. *Zalaski v. City of Hartford*, 723 F.3d 382, 395–96 (2d Cir. 2013). This Court holds that costs, unlike attorney's fees, may be awarded to pro se parties when an opposing party commits a certification violation. *See Warren Pub. Co. v. Harris Publications, Inc.*, 2002 WL 987270, at *1 (S.D.N.Y. May 14, 2002) (observing that pro se litigant entitled to expenses as a result of Rule 37 discovery violations); *cf. Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (citing circuit cases holding that pro se party may be entitled to litigation expenses in FOIA action). The only question that remains is whether Plaintiffs have demonstrated that they incurred costs as a result of Defendant Albert's certification violation.

Here, the record demonstrates that Plaintiffs deposed Defendant Albert a second time at the cost of $475.73 because of Defendants' certification violation. Further, Plaintiffs assert that they deposed Officers Heart, Rodrique, and Kergaravat "[b]ased in part" on Defendant Albert's interrogatory responses. ECF No. 47 (Mem.) at 9. However, Plaintiffs do not assert that they would not have deposed those officers *but for* Defendants' certification violation. Moreover, it is not obvious to this Court that Plaintiffs could not have employed other less costly means, such as a request to admit, to determine whether these officers had the knowledge attributed to them in Defendant Albert's improper interrogatory responses. This Court therefore declines to award Plaintiffs any of the costs associated with serving or deposing any witnesses other than Defendant Albert. Accordingly, this Court awards costs in the amount of $475.73.

IT IS SO ORDERED.

                                                 _____/s/_____ ____
                                                 Vanessa L. Bryant
                                                 United States District Judge

Dated in Hartford, Connecticut on November 17, 2015.